UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent<br><br>v.<br><br>DANIEL JOSEPH DALTON,<br><br>Defendant-Movant. | Case No. 4:15-cv-00275-BLW<br>4:13-cr-00187-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Daniel Joseph Dalton ("Dalton") filed a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Dkt. 1) on July 20, 2015. Because he filed it approximately six weeks after the June 5, 2015 deadline for filing had passed pursuant to 28 U.S.C. § 2255(f)(1), the Court advised Dalton that his § 2255 Motion would be subject to dismissal unless he showed cause why his Motion should not be dismissed as untimely. The Court further advised Dalton that he needed to present evidence that he had diligently pursued his rights and extraordinary circumstances preventing timely filing existed. *Mem. Dec. and Order*, Civ. Dkt. 3. Dalton timely filed his response to the Court's Order to Show Cause. Civ. Dkt. 4. Having reviewed Dalton's submission, the

Court enters the following Order dismissing his § 2255 Motion for the reasons set forth below.

**BACKGROUND**

Dalton pleaded guilty to possession of sexually explicit images of minors in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) and, on May 22, 2014, was sentenced to a term of imprisonment of 39 months despite a sentencing guideline range of 78-97 months. *Minutes*, Crim. Dkt. 36; *Judgment*, Crim. Dkt. 37. Dalton had requested and the Court granted downward departures under USSG § 5H1.3 and § 5H1.4 based on his mental and emotional conditions and physical conditions, respectively. *Minutes*, Crim. Dkt. 36. Further, the Court found grounds for a sentence outside the guideline range based on § 3553(a) factors. *Id*. The departures and variances were based on numerous significant health issues identified in the Presentence Report and defense counsel's Sentencing Memorandum (Crim. Dkt. 32). Defense counsel requested that Dalton be ordered to serve his sentence at FMC Devens. *Id*. The Court recommended to the Bureau of Prisons that he be placed at that facility. *Judgment*, Crim. Dkt. 37. FMC Devens is an administrative security federal medical center in Ayer, Massachusetts. *See* http://www.bop.gov/locations/institutions/dev. Dalton was not designated to that facility by the Bureau of Prisons. Rather, he was designated to FCI Fort Worth and self-reported on June 26, 2014. *Response*, at 2, Civ. Dkt. 4. FCI Fort Worth is a low security federal correctional institution. *See* http://www.bop.gov/locations/institutions/ftw/. He did not appeal his sentence or conviction.

In his § 2255 Motion filed on July 20, 2015, Dalton described his extensive medical conditions and ongoing medical treatments and claimed that he pleaded guilty in reliance on defense counsel's assurances that he would be housed in a medical facility where he would receive adequate medical care.[1] He claims his plea was constitutionally invalid because FCI Fort Worth is not a medical facility; its "medical personnel are ill-equipped to handle his serious conditions;" and, as a result, his health is "rapidly deteriorating." *§ 2255 Motion* at 4. Dalton further explains that "he was misled into pleading guilty when it was withheld from him that acceptance of the government's plea offer encompassed a wholesale deprivation of needed medical attention." *Id*.

In his response to the Court's Order to Show Cause, Dalton claims that his guilty plea is invalid because of the "Government's failure to follow through its promise to afford him adequate medical care while serving his sentence." *Response* at 1. As grounds excusing his late-filing, Dalton seeks relief under 28 U.S.C. § 2255(f)(4) which provides that a § 2255 motion must be filed within one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). He claims that he could not have

---

[1] The Court listened to the tape of the change of plea hearing before United States Magistrate Ronald E. Bush. Judge Bush followed the District of Idaho's standard plea colloquy which includes an inquiry as to whether anyone had made any promise regarding his sentence and an admonition that any prediction or promise made by defense counsel was simply a prediction. Dalton stated under oath at the change of plea hearing that no promise had been made inducing him to plead guilty.

discovered any sooner than August of 2014 "that the Government was not going to provide him with the needed care that it promised when he pleaded guilty in this case." *Response*, at 3. Therefore, he reasons, his § 2255 Motion was timely given that it was filed less than a year later on July 20, 2015.

**DISCUSSION**

While Dalton claims in his § 2255 Motion that it was defense counsel's assurances of placement in a medical facility and adequate medical care that induced his plea, in his response to the Order to Show Cause, he claims that the Government made and breached the promise. The record reflects that the Government made no such promise. Indeed, Dalton entered his plea without the benefit of a Plea Agreement.

**1. Equitable Tolling**

Dalton clearly filed his § 2255 Motion more than one year after his conviction became final and thus failed to comply with the one-year statute of limitations contained in 28 U.S.C. § 2255(f)(1). Accordingly, the Court directed him to provide evidence that he was entitled to equitable tolling of the statute of limitations; *i.e.*, to show that he had diligently pursued his rights but was prevented from timely filing by extraordinary circumstances. *See United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010). Dalton has failed to meet this burden. He should have known when he reported to FCI Fort Worth on June 14, 2014 that he had not been assigned to FMC Devens or any other federal medical center. Although Dalton claims that he did not know until August of 2014 that he would not receive adequate treatment for his various medical conditions,

he does not allege that he thereafter was diligently pursuing filing a § 2255 Motion but was prevented from doing so within the one-year statute of limitations because of extraordinary circumstances. Rather, he attempts to take advantage of the statutory tolling provision contained in 28 U.S.C. § 2255(f)(4).

**2. Statutory Tolling**

As stated above, Dalton claims that his § 2255 Motion is timely pursuant to 28 U.S.C.§ 2255(f)(4). The Court disagrees. Dalton should have known when he arrived at FCI Fort Worth on June 26, 2014, that the Court's recommendation for placement at FMC Devens was not followed and that FCI Fort Worth was not a medical facility, yet he did not file his § 2255 Motion until more than a year after that date. Furthermore, his assertion that § 2255(f)(4) is applicable is based on the false premise that the Government promised when he pleaded guilty that he would receive necessary medical attention.

## CONCLUSION

Dalton's § 2255 Motion is time-barred. The Court notes, however, that going to trial rather than pleading guilty would likely not have resulted in placement at FMC Devens. The Court cannot direct the Bureau of Prisons to house a defendant in any particular facility. It is the responsibility of the Bureau of Prisons to designate the place of imprisonment. *See* 18 U.S.C. § 3621(b). Although the Bureau of Prisons is statutorily required to consider a court's recommendation for a type of facility, that recommendation is only one of several factors it must consider. *See* 18 U.S.C.§ 3621(b)(4). The Bureau

of Prisons apparently determined that Dalton's health issues could be addressed in a facility other than a medical facility.

Section 2255 provides a means to challenge the legality or validity of a conviction or sentence. Although Dalton describes his claim as that of an involuntary plea, the crux of his claim appears to be that the Bureau of Prisons is refusing to provide adequate medical treatment for his various conditions. That claim would appear to be more appropriately addressed as a challenge to the execution of his sentence pursuant to 28 U.S.C. § 2241. *See Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 1999) (§ 2241 is the appropriate vehicle for challenging the manner, location, or condition under which a sentence is executed and must be brought in the custodial court). *See, e.g., Isacson v. United States*, Civ. Action No. 1:13-CV-1346-CAP, 2013 WL 6097231 at *6 (N.D. Ga. Nov. 19, 2013) (citing cases holding that claims of inadequate medical care should be brought under 28 U.S.C. § 2241). Given that Dalton is incarcerated at FCE Forth Worth in Texas, the custodial court would be the United States District Court of the Northern District of Texas.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a

§ 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id.*; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's decision to be debatable or wrong.

**ORDER**

**IT IS ORDERED:**

1. Daniel Joseph Dalton's Motion to Vacate/Set Aside/Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1) and (Crim. Dkt. 41) is **DISMISSED**.
2. No certificate of appealability shall issue. Dalton is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.
3. If Dalton files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this

Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: January 8, 2016

B. Lynn Winmill
Chief Judge
United States District Court